OPINION OF THE COURT
Stanley L. Sklar, J.
This motion to vacate the medical malpractice panel’s findings is granted because the attorney member of the panel, who was substituted without the knowledge of plaintiff’s counsel, lacked sufficient trial experience to qualify as a panelist.
facts
In a letter dated January 6, 1987, the parties were notified that a medical malpractice panel would be convened, pursuant to Judiciary Law § 148-a, on Feburary 5, 1987, and that the panel members would be John Vieta, M.D., Judicial Hearing *250 Officer Gerald Culkin, and Irving Gertel, Esq. That letter advised counsel that any objections to a panel member had to be submitted before January 20, 1987. For some unknown reason, when the hearing date arrived, the attorney panel member present was Milton Dannon rather than Irving Ger-tel. The panel found each of the defendants not liable.
Plaintiffs counsel now claims that he first became aware that Mr. Dannon was substituted for Mr. Gertel after the panel issued its findings and, further, that since Mr. Dannon, who was a practicing physician, was admitted to the Bar only in 1986, he lacked the requisite trial experience to serve as the panel’s attorney member. (See, Judiciary Law § 148-a [2] [b].) Plaintiff accordingly asserts that I must vacate the panel’s findings.
Defendants oppose the motion, claiming that plaintiffs counsel was in fact aware on Feburary 5, 1987, immediately before the hearing, that Dannon had been substituted for Gertel and that plaintiffs allegations regarding Dannon’s qualifications are an insufficient basis upon which to vacate the panel’s findings, absent any specific assertion or evidence of impropriety, bias or incompetence on the part of Dannon. Defendants, therefore, urge that plaintiffs sole recourse is to attempt to impeach the attorney panelist at trial.
KNOWLEDGE
Defendant Pouget’s attorney asserts that on February 5, 1987, immediately before the hearing, plaintiffs counsel signed a document which identified Mr. Dannon as the attorney panelist, and that this constituted a waiver of any objection to the panel’s composition. This argument is without merit. First, the document referred to was signed by no one. It merely lists, printed by hand, the names of the parties’ counsel who were present at the hearing. Further, it is clear that all the names were printed by the same person, obviously a clerk, who was simply listing the attendance. Second, even if plaintiffs counsel had read the form he may not have realized that Mr. Dannon was not the attorney originally designated. Third, even if plaintiffs counsel became aware immediately before the hearing of the switch, although it might be reasonable for him to have inquired whether Dannon had had past dealings with any of the attorneys or parties involved, so as to ascertain whether there was a potential for bias, it would not be reasonable for him to suspect that during the screening *251 process, a panelist would be selected who did not meet the minimum requirements for panel designation.
Moreover, assuming that plaintiff’s counsel learned of the substitution just before the hearing, he certainly did not have a reasonable amount of time in which to investigate the new panelist’s qualifications and have an opportunity to object. Indeed, as reflected in the aforementioned notification letter, dated January 6, 1987, counsel for each side initially had until January 20, 1987 (approximately two weeks) to investigate and make objections to the panelists’ qualifications. Accordingly, even assuming knowledge of the switch immediately before the hearing, plaintiff’s counsel did not waive the deficiency in qualifications. (Cf., De Camp v Good Samaritan Hosp., 66 AD2d 766, 767 [2d Dept 1978].)
IMPEACHMENT
The defendants argue that the plaintiff has failed to make any claims of impropriety or bias on the part of Mr. Dannon (Scott v Brooklyn Hosp., 93 AD2d 577 [2d Dept 1983]; De Camp v Good Samaritan Hosp., 66 AD2d 766, supra [2d Dept 1978]) and that, therefore, plaintiff’s sole remedy is to seek to impeach the panel’s findings at trial. (Bernstein v Bodean, 53 NY2d 520, 528 [1981].)
The Court of Appeals has held that panel members may be examined at trial "as to any matter which may reasonably assist the triers of fact in judging the significance and probative worth properly to be accorded the panel’s recommendation. Thus, by way of illustration, but not of limitation, such examination might extend to the recommendation itself, the procedures followed by the panel, the materials (documentary and testimonial) considered by the panel, the opportunities for deliberation, the extent of deliberation, the interim and final votes or statements of position of the individual panel members, the education, training and experience of the panel members with respect to the particular issues involved, the factual predicates and the medical bases on which and the reasoning processes by which the panel and its individual members reached tentative and final conclusions.” (Supra, at 528; emphasis added.)
The instant case, however, is distinguishable because plaintiff is not merely seeking to show that Mr. Dannon lacks significant education, training and experience with respect to the particular issues involved. Rather, plaintiff asserts that *252 Mr. Dannon does not even meet the minimum legal requirements to serve on the panel.
Judiciary Law § 148-a (2) (b) provides that "[t]he presiding justice shall prepare a list of attorneys with trial experience”. The Legislature therefore excluded from the panel those attorneys who lack the necessary trial experience. The purpose of the panel is to assist the trier of fact and promote settlements by assessing the probative value of the plaintiffs claim. (Bernstein v Bodean, supra, at 527-529.) In order to achieve this purpose the panel must be comprised of qualified members. An attorney who was admitted to practice in 1986 does not possess sufficient trial experience to serve on the panel in February 1987. Indeed, the Appellate Division recently affirmed, without opinion, the vacatur of a panel finding in another case involving the same attorney panelist, Mr. Dannon, who at that time had been a lawyer for not more than one year. (See, Shane v Beth Israel Med. Center, Sup Ct, NY County, Apr. 24, 1987, index No. 91344/82, affd 133 AD2d 553 [1st Dept 1987]).
Accordingly, in the interests of fairness and achieving the purposes for which the panel was designed by the Legislature, the finding of this panel must be vacated.